SUZANNE COHILL McCLEARY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCleary v. Commissioner
Docket No. 22371-91
United States Tax Court
T.C. Memo 1994-219; 1994 Tax Ct. Memo LEXIS 222; 67 T.C.M. (CCH) 2974; May 19, 1994, Filed *222 Suzanne Cohill McCleary, pro se. For respondent: Robert E. Williams, Jr. MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec. Sec. Sec.
Year
Deficiency
6653(b)(1)(A)
6653(b)(1)(B)
6661
1986
$ 49,053
$ 36,790
[1]
$ 12,263
1987
83,006
62,255
[2]
20,752
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner failed to appear for trial or to present evidence to satisfy her burden of proof. The deficiencies determined by respondent and the additions to tax under section 6661 are therefore determined against her. Rules 123, 142(a), and 149. Respondent presented documentary evidence in support of the additions to tax under section 6653(b) for fraud. Sec. 7454(a); Rule 142(b). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated *223 in our findings by this reference. Petitioner resided in Catonsville, Maryland, at the time the petition was filed. In September 1985, petitioner married Richard McCleary (McCleary). At that time, petitioner was aware that McCleary had been convicted in 1981 of narcotics dealing and had completed serving his sentence for that offense in early 1985. Petitioner and McCleary remained married through 1986 and 1987, although they lived separately during part of each year. The separation was not pursuant to any court order. Petitioner and McCleary resided in Maryland during 1986 and part of 1987, and they resided in Florida for part of 1987. During 1986 and 1987, McCleary worked as a title abstractor and petitioner sometimes worked as his assistant. During 1986 and 1987, petitioner and McCleary purchased several parcels of real property for cash as follows: Date
Location
Amount 1/3/86
Teal Bay, Ocean Pines,
$ 131,500
Maryland
2/28/87
Huntington, Ocean Pines,
35,000
Maryland
7/16/87
Ocean Pines, Maryland
35,000
12/28/87
Key West, Florida
165,000
Petitioner and McCleary used "shell" corporations that were formed by them to conceal their ownership of real property *224 purchased for cash in the foregoing transactions. On September 5, 1987, petitioner purchased a 1988 Jeep Cherokee for $ 6,000 cash. Title to the Jeep was taken in the name of "Blue Sky Partnership". Petitioner and McCleary filed joint Forms 1040, U.S. Individual Income Tax Return, for 1986 and 1987. They reported only their wages and miscellaneous income on those tax returns. They failed to report income from illegal activities, which income was at least $ 110,002 in 1986 and $ 208,596 in 1987. In 1991, petitioner pled guilty to various Federal crimes, including structuring currency transactions for the purpose of evading reporting requirements and conspiracy to launder proceeds from the distribution of controlled dangerous substances. In the course of pleading guilty, petitioner admitted in a stipulation of facts that the real properties bought during the years in issue, although purchased in the names of various corporations, were purchased by petitioner and McCleary. ULTIMATE FINDING OF FACT Petitioner underpaid her Federal income taxes for 1986 and 1987, and each underpayment was due to fraud. OPINION Petitioner failed to appear at trial to contest respondent's determinations *225 in this case. Because the apparent source of income determined by respondent was illegal and because of respondent's burden of proof with respect to fraud, respondent proceeded to present evidence rather than to rely on petitioner's default. See . The evidence presented by respondent connects petitioner to an illegal income-producing activity and shows that she had at her disposal funds far in excess of the income reported on her tax returns. The facts relied on by respondent were essentially admitted by petitioner during the course of criminal proceedings against her, culminating in her pleas of guilty to structuring currency transactions to evade reporting requirements and to conspiracy to launder the proceeds from distribution of controlled dangerous substances. She admitted, among other things, that she and her husband purchased for cash the various parcels of real property and the Jeep, although those assets were purchased in the names of entities having no apparent separate existence. Petitioner has offered no nonfraudulent explanation of her activities. The addition to tax for fraud *226 is a civil sanction intended to safeguard the revenue and to reimburse the Government for the heavy expense of investigation and for the loss resulting from a taxpayer's fraud. . Fraud may be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Understatement of income, concealment of assets, dealing in cash, engaging in illegal activity, and attempting to conceal illegal activity are all badges of fraud. See, e.g., , affg. . We conclude that respondent has presented clear and convincing evidence of fraud. Decision will entered for respondent. Footnotes
1. 50 percent of the interest due on $ 49,053.↩
2. 50 percent of the interest due on $ 83,006.↩